## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALVATORE ALIANO; CHRISTOPHER BEISCHER, III; DIANA GIL; JOSEPH GIORGIO; WILLIAM ISETTS, IV; BRUNO MARTO; and CHIAN WEEKES-RIVERA, <br><br> Plaintiffs, <br><br> v. <br><br> TOWNSHIP OF MAPLEWOOD; JERRY GIAIMIS; and JOHN DOES 1-10, said names being fictitious, <br><br> Defendants. | Civil Action No. 2:22-cv-5598 <br><br> **CIVIL ACTION** <br><br> **COMPLAINT WITH JURY DEMAND** |

1.      This action seeks redress for the willful, wanton, and intentional violation of the civil rights of public servants who have dedicated, and risked, their lives to protect the people of the Township of Maplewood.

2.      Throughout the COVID-19 pandemic, Plaintiffs Salvatore Aliano, Christopher Beischer, III, Diana Gil, Joseph Giorgio, William Isetts, IV, Bruno Marto, and Chian Weekes-Rivera were dedicated Police Officers and Fire Fighters employed by Maplewood, placed their sworn vow to protect the public above their own health and safety.

3.      This is not mere hyperbole, rushing to provide aid and protection to the citizens of Maplewood in the face of danger, these dedicated men contracted COVID-19, sadly often brought it home to their families despite their best efforts.

4.      Most people wonder exactly how they will react when faced with grave risks, burning buildings, armed criminals threatening, or actually harming innocent men, women, and children. But Plaintiffs do not wonder; rushing into danger is exactly what these Heroes do every day.

5.     Despite years, and at times decades of dedicated service and risking the ultimate sacrifice, the administration and attorneys for Maplewood turn their back on these Heroes.

6.     This complaint seeks to hold Maplewood accountable for that harm it caused to its dedicated servants.

7.     This action is the result of individual actors manipulating the articulation of public servant's religious beliefs to justify discrimination and economic coercion against them. It seeks damages and injunctive relief for all Plaintiffs and all others similarly situated under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -49. ("LAD") and Title VII of the Civil Rights Act ("Title VII") Plaintiffs and all others similarly situated.

8.     Defendant imposed a condition of employment that required Plaintiffs to forego a sincerely held religious belief in violation of the LAD and Title VII.  Specifically, when Plaintiffs submitted requests for exemption from the mandatory COVID-19 policy, Maplewood wrongfully denied all requests.

9.     As discussed in greater detail below, the LAD and Title VII required Maplewood to engage in bona fide interactive process to determine if Plaintiffs could perform the essential functions of their job with an accommodation.

10.     Maplewood violated this critical legal requirement by wrongfully refusing to engage in the mandatory interactive accommodation process.

11.     Defendants then illegally coerced Plaintiffs to forego their religious beliefs when Defendants informed Plaintiffs there would be a final deadline after which all of them would be placed on unpaid leave and proceedings would begin to terminate their employment.

12.     For some of Plaintiffs, this was only the beginning of the harassment.

13.     For example, Chian Weekes-Rivera was promoted by Maplewood as the poster representative for Maplewood's inclusiveness.  That is not just a fancy phrase, she was literally put on the cover of online and print guides showing the "SHEROES" of diversity.

14.     As a new mother fresh from maternity leave, Defendants knew they could illegally exert pressure on her to coerce her into choosing medical benefits for her child over her faith.

15.     On the actual December 31, 2021 deadline Defendants gave Chian to be vaccinated or go on unpaid leave, Chian, like the other plaintiffs here, received the COVID vaccine.

16.     However, while Defendants allowed the other Plaintiffs to return to work, Chian was singled out when she reported for duty.  In full public display of her fellow officers, she was told to hand in her badge and service firearm and literally marched out of the police station.

17.     Was this a simple misunderstanding?  No, it was retaliation, as Defendants confirmed with their actions and words.

18.     After physically escorting the <u>now vaccinated officer</u> out of her place of work, Chian was placed on unpaid leave anyway.

19.     Was this a question about safety?  Or about accommodations?  The answer is no.

20.     Chian remained on unpaid leave for weeks while Defendants retaliated further: stating the <u>now vaccinated</u> officer could return to work if and only if she signed a full general release forever waiving her right to bring this claim here.

21.     Maplewood discriminated in the above ways and applied disparate treatment and discriminated against those employees who sought religious exemptions by denying requests for religious exemptions while granting other requests.

22.    Specifically, Maplewood granted a medical exemption from the COVID-19 vaccine requirement to receive two doses of vaccine for a police officer who suffered an adverse reaction to the first dose.

23.    This accommodated police officer has not received his second dose and thus, under the Maplewood policy in place to this day, is "unvaccinated."

24.    Maplewood made a determination that it was not an "undue hardship" or a "threat to the public" for the accommodated police officer to continue to perform his duties with the accommodation of wearing a mask when interacting with members of the public.

25.    Maplewood could have made the same accommodation for Plaintiffs, who similarly sought an exemption and accommodation, but refused to do so.

26.    By doing so, Maplewood treated Plaintiffs seeking exemptions and accommodations based on their religious beliefs, differently from other employees who sought exemptions on other bases, subjecting Plaintiffs to disparate and discriminatory treatment based on their religious beliefs.

27.    By making the accommodation for the accommodate Police Officer, Maplewood confirmed what every other police department and fire department in the state of New Jersey has determined—unvaccinated first responders can safely work with testing and masking.

28.    This disparate treatment was implemented and then confirmed by Maplewood Township Administrator Jerry Giaimis.

29.    Under oath at an unemployment hearing for another Maplewood fire fighter who was terminated after his religious exemption was denied, Defendant Giaimis first testified under oath that Maplewood could not accommodate any unvaccinated first responders due to the nature of their job.

30.     Then, after admitting that Maplewood has in fact accommodated the accommodated police officer referenced above, Defendant Giaimis confirmed that Maplewood was able to accommodate unvaccinated first responders.

31.     This unvaccinated Fire Fighter requested and received a medical exemption from the COVID vaccine.  He remains unvaccinated to date.

32.     Maplewood did not remove or terminate either the Police Officer or the Fire Fighter who submitted requests for Medical Exemption.

33.     Further Maplewood established a new Fire Department, the South Essex Fire Department. The new Fire Department does not require the COVID vaccine and the legacy employees from either department are still paid by the original towns.

34.     Thus, the unvaccinated Fire Fighter is currently being paid by Defendant Maplewood.

35.     But Maplewood's treatment of the unvaccinated police officer and the unvaccinated Fire Fighter is not an outlier. As discussed below, Plaintiffs are in the process of compiling the COVID-19 vaccination policies for similar Fire Departments across the state.

36.     Unvaccinated Fire Fighters or Police Officers in hundreds of departments and municipalities can safely and without undue hardship perform the essential functions of their job without any accommodations, or with accommodations of either masking when interacting with the public, or routine testing.

37.     Even those municipalities that required the vaccine are rolling back those mandates as the State, and the entire country, return back to pre-COVID normalcy.

38.     For example, the City of Newark previously required that all city workers, including Fire Fighters, to receive the COVID-19 vaccine. Newark did so while complying with civil rights laws,

granting exemptions, and reaching reasonable accommodations with masking and testing for city employees who seek religious exemptions.

39.     On March 3, 2022, the City of Newark rescinded its vaccination requirement for any and all city employees, including Fire Fighters.

40.     According to Defendant Giaimis, COVID works differently in Maplewood than it does in any other fire departments and police departments in the state.

41.     Further, according to Defendant Giaimis, COVID operates differently for first responders when Maplewood wishes to discriminate against Plaintiffs through disparate treatment due to them seeking a religious exemption.

42.     The COVID pandemic has placed great strains on all of us. Most people across this great nation and state stood together, but not the administration of Maplewood. Maplewood instead used COVID as a pretext to violate its most basic legal obligations to Plaintiffs.

This Complaint says enough is enough and seeks to hold Maplewood accountable.

## PARTIES AND VENUE

43.     Defendant Township of Maplewood ("Maplewood") a municipal entity of the State of New Jersey, located in the County of Essex. The address for the administration of the Township is 574 Valley Street, Maplewood, NJ 07052.

44.     Defendant Jerry Giaimis ("Giaimis") is the Township Administrator for Maplewood, with a principal place of business located at the Maplewood Administration Building, in Maplewood New Jersey, in the County of Essex.

45.     Defendants John Does (1-10) are fictitious persons and/or entities who were involved with the implementation of the Maplewood Covid policy, the decision to deny Plaintiffs

accommodations, the decisions that Plaintiffs could not be accommodated, placing Plaintiffs on unpaid leave, and terminating their employment.

46.     Plaintiff, Salvatore Aliano started in the fire service in 2000. He began when he started volunteering with the Fair Lawn Fire Department back in July of 2000. During his time in Fair Lawn, Salvatore decided he wanted to pursue the fire service as a full-time career. Through hard work and dedication in September of 2006 his dream became a reality when he was hired by the Township of Maplewood. Over the years Salvatore continued to further his career in the fire service, obtaining his Fire Inspector License, becoming a certified Level 1 Fire Instructor, and taking several promotional exams. He has received several awards during his career and strives at keeping the residence and co-workers of Maplewood safe. Salvatore Aliano has been married for 22 years to his wife Josephine, who is a dental hygienist and has three children. Joseph and Gabriela who are both in college and Luca who is currently in High School.

47.     Plaintiff Christopher Beicher has been a Police Officer with the Maplewood Police Department for the last four years.  He has been involved in many life-saving incidents and has dedicated his life to serving the Maplewood community.  He is a resident of Bloomingdale, New Jersey.

48.     Plaintiff Diana Gil has been a Police Officer with Maplewood for six years. Prior to her law enforcement career, she was a kindergarten to twelfth grade certified teacher.  She taught in schools primarily in Morris County.  In all of her fields, she has had the pleasure to work with a vast variety of age levels and people from all backgrounds. She is a resident of Montville, New Jersey.

49.     Plaintiff Joseph Giorgio is a Christian and despite all of the hardship inflicted on him by Defendants, his faith has led him to be thankful for the life he has been given and the blessings he

has received from God.  He is husband to a great wife Natalie and a proud father to Antonio who is 11 and Avery who is 8.  He is also a dog dad to Cody who's been with us for two years.  He is a son to Antonio and Rita and a brother to Alex and an uncle to many nieces and nephews.  He is blessed to have many loving family members, friends, neighbors, and coworkers who have contributed and helped shape him to become who he is today.  It is true, "No man is an Island".

50.     After the tragic events on 9/11 Joseph knew he had to do something to serve this country that has provided so much for him and his immigrant family.  He asked God for guidance and prayed on it and decided he would work to become a First Responder and focus on preserving life and helping those in need.  He became a volunteer firefighter in his community ( Kenilworth NJ ) starting in 2005 and this experience prepared him for my career as a Firefighter/EMT which began in 2009 for the Township of Maplewood and where he currently works as a Captain today.

51.     Joseph wants the Court to know that his career has brought great joy for him and financial stability for his family which does come with a cost.  He has had surgery on his cervical spine due to a work-related injury and has decreased mobility and daily pain.  Over the years he has seen terrible things and has been a part of incidents of horror and human suffering that will live in his mind long after he is retired.  His hope is that in those moments he made a positive difference and provided comfort to those who needed it.  Through it all he wouldn't change a thing.  God puts him where he needs to be and never gives him more than he can handle and for that, Joseph is eternally grateful.

52.     Plaintiff William Isetts, IV is the 3rd generation of his family to serve in Public Service for the Township of Maplewood. His Grandfather, William F. Isetts Jr. was a Lieutenant with the Maplewood Fire Department. He was actively serving in his 27th year when he suddenly passed away. His Father, William F. Isetts III, began his Law Enforcement career in Maplewood as a

Police Auxiliary and then as a Police Officer, later transferring to an Essex County agency. Plaintiff has been a Law Enforcement Officer for going on 12 years. Over 7 of those years, he has dedicated his service to the Township of Maplewood.

53.    While as a Police Officer for Maplewood, he has done nothing short than serve his community to the best of his abilities. He has bled, he has been bruised, he has been chastised, he has even cried. Moreover, he has also been thanked by many residents of the Township of Maplewood along with citizens from outside the Township relating to his duties as a Police Officer. he has been called to witness some horrific sights and scenes, which he brought closure to many victims of many different crimes.

54.    Plaintiff Isetts is a strict practicing Irish Catholic. His strong religious beliefs and faith were instilled in him as a child while being raised in an old Irish Catholic household by both of his parents, in which my Father is also a Minister. Since being Baptized as an infant his Parents would have his Brothers and him attend Church on Sunday's. Followed by his brothers, he attended CCD throughout the week. He eventually made his Communion and Confirmation. Since his Confirmation, he has been blessed to have (5) yes, 5, Godchildren. In recent years, he also participated in numerous Masses where he assisted the Deacon.

55.    Plaintiff Bruno Marto has dedicated his to public service.  He has been a police officer with Maplewood for eight years. Prior to that, he was a dispatcher with the New Providence police department for six years. He is a resident of North Plainfield.

56.    Plaintiff Vincent Perone has been a Police Officer in Maplewood for the last six years. He started on the community service walking post, volunteering with the open gyms program to reach the community youth in Maplewood.  He is a lifelong resident of Middlesex, New Jersey.

57.     Plaintiff Chian Weekes-Rivera has been a Law Enforcement Officer in Maplewood, NJ for 10 years and eleven years in total. Being an Essex county native born and raised, growing up and graduating throughout its school system, Chian knows the urge for CARE and SERVICE when it's comes to her fellow Essex county residents. Being involved in leadership roles in elementary, high school and in college Chian knew early that helping people is her passion. Weekes-Rivera knew becoming a law enforcement officer would help her community greatly.

58.     Weekes-Rivera got married to her beloved wife LaVerne in 2017, became a first-time parent in 2019 and again in 2021. Maplewood Police department appeared to be the perfect department because they PRIDE themselves with being progressive, inclusive, and supportive. However, Chian learned soon enough that those qualities do not apply to Maplewood employees when, as discussed above Defendants denied her request for exemption, refused to accommodate her beliefs, and placed her on unpaid leave even after she complied with the Maplewood mandate.

59.     On June 22, 2022, the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue in the matter EEOC Charge 17E-2022-00107, *Salvatore Aliano v. Township of Maplewood*, a copy of which is attached hereto as **Exhibit A**.

60.     On June 22, 2022, the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue in the matter EEOC Charge 17E-2022-0116, *Christopher Beischer, III v. Township of Maplewood*, a copy of which is attached hereto as **Exhibit B**.

61.     On June 22, 2022, the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue in the matter EEOC Charge 17E-2022-0109, *Diana Gil v. Township of Maplewood*, a copy of which is attached hereto as **Exhibit C**.

62.     On June 22, 2022, the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue in the matter EEOC Charge 17E-2022-0104, *Joseph Giorgio v. Township of Maplewood*, a copy of which is attached hereto as **Exhibit D**.

63.     On June 22, 2022, the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue in the matter EEOC Charge 17E-2022-0114, *William Isetts, IV v. Township of Maplewood*, a copy of which is attached hereto as **Exhibit E**.

64.     On June 22, 2022, the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue in the matter EEOC Charge 17E-2022-0110, *Bruno Marto v. Township of Maplewood*, a copy of which is attached hereto as **Exhibit F**.

65.     On June 22, 2022, the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue in the matter EEOC Charge 17E-2022-0117, *Vincent Perone v. Township of Maplewood*, a copy of which is attached hereto as **Exhibit G**.

66.     On June 22, 2022, the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue in the matter EEOC Charge 17E-2022-0115, *Chian Weekes-Rivera v. Township of Maplewood*, a copy of which is attached hereto as **Exhibit H**.

67.     This Complaint is filed within 90 days of the Notice of Right to sue.

68.     As set forth herein, this Complaint brings claims under Title VII of the Civil Rights Act.

69.     Therefore, pursuant to 28 U.S.C. §1331, this Court has original subject matter jurisdiction over this matter.

70.     This Court has personal jurisdiction over Maplewood as it has a principal place of business located within the District of New Jersey.

71.     Inasmuch as Maplewood is located with the County of Essex, this matter is properly venued in the District Court seated in Newark.

## FACTUAL HISTORY

**The Policy**

72.     Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein.

73.     On or about August of 2021, Maplewood required all employees to either be current with COVID vaccination or to be tested for COVID.

74.     The Policy was amended on October 19, 2021 and the vaccinate-or-test model was replaced with a mandatory vaccination policy.

75.     The Policy—at least on paper—set forth that Maplewood would comply with state and federal law:

> Maplewood Township is committed to providing equal employment opportunities without regard to any protected status and a work environment that is free of unlawful harassment, discrimination, and retaliation. As such, Maplewood is committed to complying with all laws protecting employees' religious beliefs and practices. When requested, the Maplewood will provide an exemption/reasonable accommodation for employees' religious beliefs and practices which prohibit the employee from receiving a COVID-19 vaccine or testing protocols, provided the requested accommodation is reasonable and does not create an undue hardship for Maplewood or pose a direct threat to the health and/or safety of others in the workplace and/or to the requesting employee.
>
> To request an Exemption/Accommodation related to the Maplewood's COVID-19 vaccination or testing policy, please complete this form and return it to Human Resources. This information will be used by Human Resources or other appropriate personnel to engage in an interactive process to determine eligibly for and to identify possible accommodations.

76.     On October 26, 2021, Plaintiff Aliano submitted a request for religious exemption and accommodation.

77.     On October 27, 2001, Defendant Giaimis, on behalf of Maplewood, denied Mr. Aliano's request:

> Please accept this letter as a formal response to your request for accommodation.
>
> In your request, you have cited to a number of objections to the Township's vaccination mandate based on what you say are your sincerely held religious beliefs.   As an accommodation, you have requested permission to submit to weekly testing and other measures in lieu of submitting proof of vaccination.
>
> Upon careful review of your request, your position, your direct contact with members of the public
>
> in crisis and the nature of your job, we regret to inform you that your request constitutes an undue hardship.
>
> You are in a position in which you interact with the public directly, in emergent situations, and there may be instances of close contact in an emergent situation where someone in distress may not be masked and may be compromised/high risk.

78.     On November 1, 2021, Plaintiff Beischer submitted a request for religious exemption.

79.     On November 1, 2001, Defendant Giaimis, on behalf of Maplewood, denied Mr. Beischer's religious exemption request:

> Please accept this letter as a formal response to your request for accommodation.
>
> In your request, you have cited to a number of objections to the Township's vaccination mandate based on what you say are your sincerely held religious beliefs.
>
> Upon careful review of your request, your position, your direct contact with members of the public in crisis and the nature of your job, we regret to inform you that your request constitutes an undue hardship. As an officer in the Maplewood Police Department you are in a position in which you interact with the public directly, in emergent situations, and there may be instances of close contact in an

emergent situation where someone in distress may not be
masked and may be compromised/high risk.

80.     On November 1, 2021, Plaintiff Gil submitted a request for religious exemption.

81.     On November 1, 2001, Defendant Giaimis, on behalf of Maplewood, denied Ms. Gil's

religious exemption request:

> Please accept this letter as a formal response to your request
> for accommodation.
>
> In your request, you have cited to a number of objections to
> the Township's vaccination mandate based on what you say
> are your sincerely held religious beliefs.     As an
> accommodation, you have requested permission to submit to
> weekly testing and other measures in lieu of submitting
> proof of vaccination.
>
> Upon careful review of your request, your position, your
> direct contact with members of the public in crisis and the
> nature of your job, we regret to inform you that your request
> constitutes an undue hardship.
>
> As a Patrol Officer in the Maplewood Police Department
> you are in a position in which you interact with the public
> directly, in emergent situations, and there may be instances
> of close contact in an emergent situation where someone in
> distress may not be masked and may be compromised/high
> risk.

82.     On October 22, 2021, Plaintiff Giorgio submitted a request for religious exemption.

83.     On October 26, 2021, Defendant Giaimis, on behalf of Maplewood, denied Mr. Giorgio's

religious exemption request:

> Please accept this letter as a formal response to your request
> for accommodation.
>
> In your request, you have cited to a number of objections to
> the Township's vaccination mandate based on what you say
> are your sincerely held religious beliefs.     As an
> accommodation, you have requested permission to submit to
> weekly testing and other measures in lieu of submitting
> proof of vaccination.

14

> Upon careful review of your request, your position, your direct contact with members of the public in crisis and the nature of your job, we regret to inform you that your request constitutes an undue hardship.
>
> You are in a position in which you interact with the public directly, in emergent situations, and there may be instances of close contact in an emergent situation where someone in distress may not be masked and may be compromised/high risk.
>
> Accordingly, we are prepared to offer you a leave of absence through December 31, 2021, at which point we can re-evaluate your request.

84.    Plaintiff Giorgio was then immediately placed on unpaid leave.  Similar to as with Plaintiff Chian Weekes-Rivera, Plaintiff Giorgio was told that he could return from unpaid leave only if he dismissed his Civil Rights Complaint and waived any right to bring this lawsuit.

85.    Because there was no good faith attempt to "re-evaluate" Plaintiff Giorgio's request, two days early, Defendant Giaimis preemptively determined that Plaintiff Giorgio had to be terminated if he was not vaccinated within the next two days:

> On October 26th, 2021 you were notified that your requested religious accommodation of our vaccine mandate could not be granted because it constituted an undue hardship. You were further informed that your request would be revisited on December 31st, 2021.
>
> Upon further consideration, and for the reasons previously provided, your request to be exempt from the vaccination policy remains an undue hardship. In addition, after a careful continued review of your request and your continued unvaccinated status, we have determined that we are unable to continue to provide you with unpaid leave as it creates an undue hardship on operations.
>
> Your Chief will communicate the next steps moving forward.

86.     Thus, while Defendant Giaimis knew that he and Maplewood were able to grant exemptions to the vaccine mandate for those who sought exemptions on non-religious bases, he discriminatorily made the above determination for Plaintiff Giorgio.

87.     On November 1, 2021, Plaintiff Isetts submitted a request for religious exemption.

88.     On November 1, 2001, Defendant Giaimis, on behalf of Maplewood, denied Mr. Isett's religious exemption request:

> Please accept this letter as a formal response to your request for accommodation.
>
> In your request, you have cited to a number of objections to the Township's vaccination mandate based on what you say are your sincerely held religious beliefs.
>
> Upon careful review of your request, your position, your direct contact with members of the public in crisis and the nature of your job, we regret to inform you that your request constitutes an undue hardship.
>
> As an officer in the Maplewood Police Department you are in a position in which you interact with the public directly, in emergent situations, and there may be instances of close contact in an emergent situation where someone in distress may not be masked and may be compromised/high risk.

89.     On November 1, 2021, Plaintiff Marto submitted a request for religious exemption.

90.     On November 1, 2001, Defendant Giaimis, on behalf of Maplewood, denied Mr. Marto's religious exemption request:

> Please accept this letter as a formal response to your request for accommodation.
>
> In your request, you have cited to a number of objections to the Township's vaccination mandate based on what you say are your sincerely held religious beliefs. Upon careful review of your request, your position, your direct contact with members of the public in crisis and the nature of your job, we regret to inform you that your request constitutes an undue hardship.

> As an officer in the Maplewood Police Department you are
> in a position in which you interact with the public directly,
> in emergent situations, and there may be instances of close
> contact in an emergent situation where someone in distress
> may not be masked and may be compromised/high risk.

91.    On November 1, 2021, Plaintiff Perone submitted a request for religious exemption.

92.    On November 2, 2001, Defendant Giaimis, on behalf of Maplewood, denied Mr. Perone's

religious exemption request:

> Please accept this letter as a formal response to your request
> for accommodation.
>
> In your request, you have cited to a number of objections to
> the Township's vaccination mandate based on what you say
> are your sincerely held religious beliefs. Upon careful
> review of your request, your position, your direct contact
> with members of the public in crisis and the nature of your
> job, we regret to inform you that your request constitutes an
> undue hardship.
>
> As an officer in the Maplewood Police Department you are
> in a position in which you interact with the public directly,
> in emergent situations, and there may be instances of close
> contact in an emergent situation where someone in distress
> may not be masked and may be compromised/high risk.

93.    On October 29, 2021, Plaintiff Weekes-Rivera submitted a request for religious exemption.

94.    On November 1, 2001, Defendant Giaimis, on behalf of Maplewood, denied Mrs. Weekes-

Rivera's religious exemption request:

> Please accept this letter as a formal response to your request
> for accommodation.
>
> In your request, you have cited to a number of objections to
> the Township's vaccination mandate based on what you say
> are your sincerely held religious beliefs.
>
> Upon careful review of your request, your position, your
> direct contact with members of the public in crisis and the
> nature of your job, we regret to inform you that your request
> constitutes an undue hardship.

17

> As an officer in the Maplewood Police Department you are
> in a position in which you interact with the public directly,
> in emergent situations, and there may be instances of close
> contact in an emergent situation where someone in distress
> may not be masked and may be compromised/high risk.

95.     On January 3, 2022, Police Chief Jim DeVaul wrote to Officer Weekes-Rivera to tell her that she will "continue to be on unpaid leave until further notice…" even though she was vaccinated and provided proof of same.

96.     Chief DeVaul then added that it was Defendant Giaimis's decision to keep her on unpaid leave, "I have not received any information from the BA Mr. Giaimis to the contrary."

**Accommodations in place across the state**

97.     While Maplewood refused to make any accommodations for the religious beliefs of its employees as required by law—even though it made the exact accommodations requested here for other first responders, this flagrant discrimination was rejected across the state by other municipalities who complied with their legal obligations.

**County of Essex**

98.     The Township of Bloomfield, in the County of Essex, has implemented a COVID-19 vaccination policy for Fire Fighters and Police Officers. The Policy states that all employees are required to receive the vaccine, or, if they are granted a medical or religious exemption, the Policy provides that they are required, as an accommodation, to be tested weekly for COVID-19. An unvaccinated Fire Fighter or Police Officer in the Township of Bloomfield is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.

99.     The Borough of Belleville, in the County of Essex, does not require its Fire Fighters or Police Officers to be vaccinated. An unvaccinated Fire Fighter or Police Officer in Belleville is

able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

100.    The Borough of Caldwell, in the County of Essex, does not require its Fire Fighters or Police Officers to be vaccinated. An unvaccinated Fire Fighter or Police Officer in Caldwell is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

101.    The Borough of Essex Fells, in the County of Essex, does not require its Fire Fighters or Police Officers to be vaccinated. An unvaccinated Fire Fighter or Police Officer in Essex Fells is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

102.    The city of Newark, in the County of Essex, originally implemented a COVID-19 vaccination policy for all city employees. The Policy states that unvaccinated employees need to be tested weekly using PCR tests. The requirement has since been vacated.  Fire Fighters or Police Officers in Newark were able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.  Now, unvaccinated Fire Fighters or Police Officers in Newark are not required to test.

103.    The Township of Milburn, in the County of Essex, does not require its Fire Fighters or Police Officers to be vaccinated. An unvaccinated Fire Fighter or Police Officer in Milburn is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

104.    The Township of Cedar Grove, in the County of Essex, does not require its Fire Fighters or Police Officers to be vaccinated. An unvaccinated Fire Fighter or Police Officer in Cedar Grove

is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

105.    The City of East Orange, in the County of Essex, does not require its Fire Fighters or Police Officers to be vaccinated. An unvaccinated Fire Fighter or Police Officer in East Orange is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

106.    The Township of Fairfield, in the County of Essex, does not require its Fire Fighters or Police Officers  to be vaccinated. An unvaccinated Fire Fighter or Police Officer in Caldwell is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

107.    The Borough of Glen Ridge, in the County of Essex, requires its Fire Fighters or Police Officers  to either be vaccinated or tested for COVID a minimum of one time a week. An unvaccinated Fire Fighter or Police Officer in Glen Ridge is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.

108.    The Township of Irvington, in the County of Essex, does not require its Fire Fighters or Police Officers to be vaccinated. An unvaccinated Fire Fighter or Police Officer in Irvington is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

109.    The Township of Livingston, in the County of Essex, does not require its Fire Fighters or Police Officers to be vaccinated. An unvaccinated Fire Fighter or Police Officer in Livingston is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

110.    The Township of Millburn, in the County of Essex, does not require its Fire Fighters or Police Officers to be vaccinated. An unvaccinated Fire Fighter or Police Officer in Millburn is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

111.    The Township of Montclair, in the County of Essex, requires its Fire Fighters or Police Officers to either be vaccinated or tested for COVID weekly. An unvaccinated Fire Fighter or Police Officer in Montclair is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, if they are tested.

112.    The Borough of North Caldwell, in the County of Essex, does not require its Fire Fighters or Police Officers to be vaccinated. An unvaccinated Fire Fighter or Police Officer in North Caldwell is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

113.    The Township of Nutley, in the County of Essex, does not require its Fire Fighters or Police Officers to be vaccinated. An unvaccinated Fire Fighter or Police Officer in Nutley is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

114.    The City of Orange, in the County of Essex, previously implemented a COVID-19 vaccination policy for Fire Fighters. The Policy stated that all employees are required to receive the vaccine, or, if they are granted a medical or religious exemption, the Policy provides that they are required, as an accommodation, to be tested weekly for COVID-19. The policy has since been revoked.  An unvaccinated Fire Fighter or Police Officer in the City of Orange was able to perform their job duties fully and completely, without undue hardship and without danger to the

community, with weekly testing as an accommodation, and is now able to continue doing their job without any accommodations.

115.     The Borough of Roseland, in the County of Essex, does not require its Fire Fighters or Police Officers to be vaccinated. An unvaccinated Fire Fighter or Police Officer in Roseland is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

116.     The Village of South Orange, in the County of Essex, does not require its Fire Fighters or Police Officers to be vaccinated. An unvaccinated Fire Fighter or Police Officer in South Orange is required to test weekly for COVID-19. An unvaccinated Fire Fighter or Police Officer in the Village of South Orange is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.

117.     The Township of Verona, in the County of Essex, does not require its Fire Fighters or Police Officers to be vaccinated. An unvaccinated Fire Fighter or Police Officer in Verona is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

118.     The Township of West Caldwell, in the County of Essex, does not require its Fire Fighters or Police Officers to be vaccinated. An unvaccinated Fire Fighter or Police Officer in West Caldwell is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

### Hudson County

119.     The City of Bayonne, in the County of Hudson, does not require its Fire Fighters or Police Officers to be vaccinated. An unvaccinated Fire Fighter or Police Officer in Bayonne is able to perform their job duties fully and completely, without undue hardship and without danger to the

community, without being vaccinated or tested. All employees, whether vaccinated or unvaccinated, are required to wear a N95 or KN95 when working indoors or when interacting with members of the general public.

120.    The Town of Guttenberg, in the County of Hudson, does not require its Fire Fighters or Police Officers to be vaccinated. An unvaccinated Fire Fighter or Police Officer in Guttenberg is required to test weekly for COVID-19. An unvaccinated Fire Fighter or Police Officer in Guttenberg is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.

121.    The Town of Harrison, in the County of Hudson, does not require its Fire Fighters or Police Officers to be vaccinated. All vaccinated or unvaccinated Fire Fighter or Police Officer in Harrison is able to perform their job duties fully and completely, without undue hardship and without danger to the community.

122.    The City of Hoboken, in the County of Hudson, does not require its Fire Fighters or Police Officers to be vaccinated. An unvaccinated Fire Fighter or Police Officer in Hoboken is required to test weekly for COVID-19. An unvaccinated Fire Fighter or Police Officer in Hoboken is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.

123.    The City of Jersey City, in the County of Hudson, does not require its Fire Fighters or Police Officers to be vaccinated. An unvaccinated Fire Fighter or Police Officer in Jersey City is able to perform their job duties fully and completely, without undue hardship and without danger to the community, while wearing a mask at their worksite.  All employees, regardless of vaccine status, are tested weekly for Covid.

124.    The Town of Kearny, in the County of Hudson, does not require its Fire Fighters or Police Officers to be vaccinated. All employees, regardless of vaccine status, are subject to regular Covid testing.  An unvaccinated Fire Fighter or Police Officer in Kearny is able to perform their job duties fully and completely, without undue hardship and without danger to the community.

125.    The Township of North Bergen, in the County of Hudson, does not require its Fire Fighters or Police Officers to be vaccinated. An unvaccinated Fire Fighter or Police Officer is required to test weekly for Covid.  An unvaccinated Fire Fighter or Police Officer in North Bergen is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with the accommodation of testing.

126.    The Town of Secaucus, in the County of Hudson, does not require its Fire Fighters or Police Officers to be vaccinated. An unvaccinated Fire Fighter or Police Officer in Secaucus is able to perform their job duties fully and completely, without undue hardship and without danger to the community.

127.    The town of West New York, in the County of Hudson, required their Police officers to be vaccinated but allowed exemptions. An unvaccinated Fire Fighter or Police Officer in West New York is able to perform their job duties fully and completely, without undue hardship and without danger to the community.

128.    The town of Union City, in the County of Hudson, requires Fire Fighters or Police Officers to be vaccinated for COVID-19. An unvaccinated Fire Fighter or Police Officer in Union City is required to test weekly for COVID-19. An unvaccinated Fire Fighter or Police Officer in Hudson is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.

24

129.    The town of Harrison, in the County of Hudson, does not require Police and Fire Fighters or Police Officers to be vaccinated for COVID-19. An unvaccinated Fire Fighter or Police Officer in Harrison is able to do their job duties fully and completely, without undue hardship and without danger to the community.

### Bergen County

130.    The Borough of Allendale, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Allendale are able to perform their job duties fully and completely, without undue hardship and without danger to the community.

131.    The Borough of Alpine, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Alpine are able to perform their duties fully and completely, without undue hardship and without danger to the community.

132.    The Borough of Bergenfield, in the County of Bergen, requires its Fire Fighters or Police Officers to either be vaccinated or tested for COVID a minimum of one time a week. An unvaccinated Fire Fighter or Police Officer in Bergenfield is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.

133.    The Borough of Bogota, in the county of Bergen, did not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Bogota are able to perform their duties fully and completely without undue hardship and without danger to the community.

134.    The Borough of Carlstadt, in the county of Bergen, did not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Carlstadt are able to perform their duties fully and completely without undue hardship and without danger to the community.

135.    The Borough of Cliffside Park, in the County of Bergen, requires its Fire Fighters or Police Officers and Police Officers to be vaccinated for COVID-19 or to be tested weekly for Covid. An unvaccinated Fire Fighter or Police Officer in Cliffside Park is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly COVID-19 testing as an accommodation.

136.    The Borough of Closter, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Closter are able to perform their duties fully and completely, without undue hardship and without danger to the community, while wearing a mask when interacting with the public.

137.    The Borough of Cresskill, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Cresskill are able to perform their duties fully and completely, without undue hardship and without danger to the community, while wearing a mask when interacting with the public.

138.    The Borough of Demarest, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Demarest are able to perform their duties fully and completely, without undue hardship and without danger to the community.

139.    The Borough of Dumont, in the County of Bergen, previously requires its Fire Fighters or Police Officers to either be vaccinated or wear a face mask when social distancing is not possible,

but since implemented the mask requirement for all Fire Fighters.  An unvaccinated Fire Fighter or Police Officer in Dumont is able to perform their job duties fully and completely, without undue hardship and without danger to the community.

140.    The Borough of East Rutherford, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in East Rutherford are able to perform their duties fully and completely, without undue hardship and without danger to the community.

141.    The Borough of Edgewater, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Edgewater are able to perform their duties fully and completely, without undue hardship and without danger to the community.

142.    The Borough of Elmwood Park, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Elmwood Park are able to perform their duties fully and completely, without undue hardship and without danger to the community.

143.    The Borough of Emerson, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Emerson are able to perform their duties fully and completely, without undue hardship and without danger to the community.

144.    The City of Englewood, in the County of Bergen, requires Fire Fighters or Police Officers to receive the Covid vaccine and boosters.  Unvaccinated Fire Fighters or Police Officers can seek a medical or religious exemption, and if granted, the unvaccinated Fire Fighter or Police Officer will be tested weekly for Covid.  An unvaccinated Fire Fighter or Police Officer in Englewood is

able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly COVID-19 testing as an accommodation.

145.    The Borough of Englewood Cliffs, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Englewood Cliffs are able to perform their duties fully and completely, without undue hardship and without danger to the community.

146.    The Borough of Fair Lawn, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Fair Lawn are able to perform their duties fully and completely, without undue hardship and without danger to the community.

147.    The Borough of Fairview, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Fairview are able to perform their duties fully and completely, without undue hardship and without danger to the community.

148.    The Borough of Fort Lee, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Fort Lee are able to perform their duties fully and completely, without undue hardship and without danger to the community.

149.    The Borough of Franklin Lakes, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Franklin Lakes are able to perform their duties fully and completely, without undue hardship and without danger to the community.

150.    The Borough of Garfield, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Garfield are able to perform their duties fully and completely, without undue hardship and without danger to the community.

151.    The Borough of Glen Rock, in the county of Bergen, did not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Glen Rock are able to perform their duties fully and completely without undue hardship and without danger to the community.

152.    The City of Hackensack, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Hackensack are able to perform their duties fully and completely, without undue hardship and without danger to the community.

153.    The Borough of Harrington Park, in the county of Bergen, did not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Harrington Park are able to perform their duties fully and completely without undue hardship and without danger to the community.

154.    The Borough of Hasbrouck Heights, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Hasbrouck Heights are able to perform their duties fully and completely, without undue hardship and without danger to the community.

155.    The Borough of Haworth, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Haworth are

able to perform their duties fully and completely, without undue hardship and without danger to the community.

156.    The Township of Ho-Ho-Kus, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Ho-Ho-Kus are able to perform their duties fully and completely, without undue hardship and without danger to the community.

157.    The Borough of Leonia, in the County of Bergen, requires its Fire Fighters or Police Officers to either be vaccinated or seek an exemption for medical or religious reasons.  A Fire Fighter or Police Officer granted an exemption must be tested for COVID weekly. An unvaccinated Fire Fighter or Police Officer in Bergenfield is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.

158.    The Borough of Little Ferry, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Little Ferry are able to perform their duties fully and completely, without undue hardship and without danger to the community.

159.    The Borough of Lodi, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Lodi are able to perform their duties fully and completely, without undue hardship and without danger to the community.

160.    The Township of Lyndhurst, in the county of Bergen, did not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Lyndhurst are able to perform their duties fully and completely without undue hardship and without danger to the community.

161.    The Township of Mahwah, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Mahwah are able to perform their duties fully and completely, without undue hardship and without danger to the community, while wearing a mask when interacting with the public.

162.    The Borough of Maywood, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Maywood are able to perform their duties fully and completely, without undue hardship and without danger to the community.

163.    The Borough of Midland Park, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Midland Park are able to perform their duties fully and completely, without undue hardship and without danger to the community.

164.    The Borough of Montvale, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Montvale are able to perform their duties fully and completely, without undue hardship and without danger to the community, while wearing a mask when interacting with the public.

165.    The Borough of Moonachie, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Moonachie are able to perform their duties fully and completely, without undue hardship and without danger to the community.

166.    The Borough of New Milford, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in New Milford

are able to perform their duties fully and completely, without undue hardship and without danger to the community.

167.     The Borough of North Arlington, in the county of Bergen, did not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in North Arlington are able to perform their duties fully and completely without undue hardship and without danger to the community.

168.     The Borough of Northvale, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Northvale are able to perform their duties fully and completely, without undue hardship and without danger to the community.

169.     The Borough of Norwood in the county of Bergen, did not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Norwood are able to perform their duties fully and completely without undue hardship and without danger to the community.

170.     The Borough of Oakland, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Oakland are able to perform their duties fully and completely, without undue hardship and without danger to the community.

171.     The Borough of Old Tappan, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Paramus are able to perform their duties fully and completely, without undue hardship and without danger to the community.

172.    The Borough of Oradell, in the county of Bergen, did not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Oradell are able to perform their duties fully and completely without undue hardship and without danger to the community while wearing a mask when interacting with the public.

173.    The Borough of Palisades Park, in the County of Bergen, does require its Fire Fighters or Police Officers to be vaccinated. An unvaccinated Fire Fighter or Police Officer in Palisades Park who "elects not to be vaccinated for medical, religious, or personal reasons" is able to perform their duties fully and completely, without undue hardship, taking a rapid test twice a week as an accommodation.

174.    The Borough of Paramus, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Paramus are able to perform their duties fully and completely, without undue hardship and without danger to the community.

175.    The Borough of Park Ridge, in the County of Bergen, does not require Fire Fighters or Police Officers to be vaccinated, but requires unvaccinated Fire Fighters or Police Officers to wear masks in Borough buildings. Unvaccinated Fire Fighters or Police Officers in Park Ridge are able to perform their duties fully and completely, without undue hardship and without danger to the community, with masking as an accommodation.

176.    The Borough of Ramsey, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Ramsey are able to perform their duties fully and completely, without undue hardship and without danger to the community.

177.    The Village of Ridgefield Park, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Ridgefield Park are able to perform their duties fully and completely, without undue hardship and without danger to the community.

178.    The Village of Ridgewood, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Ridgewood are able to perform their duties fully and completely, without undue hardship and without danger to the community.

179.    The Township of River Vale, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in River Vale are able to perform their duties fully and completely, without undue hardship and without danger to the community.

180.    The Township of Rochelle Park, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Rochelle Park are able to perform their duties fully and completely, without undue hardship and without danger to the community.

181.    The Borough of Rockleigh, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Rockleigh are able to perform their duties fully and completely, without undue hardship and without danger to the community.

182.    The Borough of Rutherford, in the County of Bergen, does not require but encourages its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in

Rutherford are able to perform their duties fully and completely, without undue hardship and without danger to the community.

183.     The Township of Saddle Brook, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated allowing exemptions. Unvaccinated Fire Fighters or Police Officers in Saddle Brook are able to perform their duties fully and completely, without undue hardship and without danger to the community.

184.     The Borough of Saddle River, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated allowing exemptions. Unvaccinated Fire Fighters or Police Officers in Saddle River are able to perform their duties fully and completely, without undue hardship and without danger to the community.

185.     The Borough of South Hackensack, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated allowing exemptions. Unvaccinated Fire Fighters or Police Officers in South Hackensack are able to perform their duties fully and completely, without undue hardship and without danger to the community.

186.     The Township of Teaneck, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Teaneck are able to perform their duties fully and completely, without undue hardship and without danger to community. At one point Teaneck required weekly testing for unvaccinated Fire Fighters, but since lifted this requirement. Masking is encouraged for vaccinated and unvaccinated Fire Fighters but is not mandatory.

187.     The Borough of Tenafly, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Tenafly are able

to perform their duties fully and completely, without undue hardship and without danger to the community.

188.    The Borough of Teterboro, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Teterboro are able to perform their duties fully and completely, without undue hardship and without danger to the community.

189.    The Borough of Upper Saddle River, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Upper Saddle River are able to perform their duties fully and completely, without undue hardship and without danger to the community.

190.    The Borough of Waldwick, in the County of Bergen, does not require its Fire Fighters or Police Officers and Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Waldwick are able to perform their duties fully and completely, without undue hardship and without danger to the community.

191.    The Borough of Wallington, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Wallington are able to perform their duties fully and completely, without undue hardship and without danger to the community.

192.    The Township of Washington, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Washington are able to perform their duties fully and completely, without undue hardship and without danger to the community.

193.    The Borough of Westwood, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Westwood are able to perform their duties fully and completely, without undue hardship and without danger to the community.

194.    The Borough of Woodcliff Lake, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Woodcliff Lake are able to perform their duties fully and completely, without undue hardship and without danger to the community, utilizing masks and social distancing.

195.    The Borough of Wood-Ridge, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Wood Ridge are able to perform their duties fully and completely, without undue hardship and without danger to the community.

196.    The Township of Wyckoff, in the County of Bergen, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Wyckoff are able to perform their duties fully and completely, without undue hardship and without danger to the community, while wearing a mask when interacting with the public.

**Passaic County**

197.    The Borough of Bloomingdale, in the County of Passaic, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Bloomingdale are able to perform their duties fully and completely, without undue hardship and without danger to the community.

198.    The City of Clifton, in the County of Passaic, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Clifton are able to

perform their duties fully and completely, without undue hardship and without danger to the community.

199.    The Borough of Haledon, in the County of Passaic, does require its Fire Fighters or Police Officers to be vaccinated for COVID-19. Unvaccinated Fire Fighters or Police Officers in Haledon are required to test weekly. With accommodation, unvaccinated Fire Fighters or Police Officers in Haledon are able to perform their duties fully and completely, without undue hardship and without danger to the community.

200.    The Borough of Hawthorne, in the County of Passaic, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Hawthorne are able to perform their duties fully and completely, without undue hardship and without danger to the community.

201.    The Township of Little Falls, in the County of Passaic, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Little Falls are able to perform their duties fully and completely, without undue hardship and without danger to the community.

202.    The Borough of North Haledon, in the County of Passaic, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in North Haledon are able to perform their duties fully and completely, without undue hardship and without danger to the community.

203.    The City of Passaic, in the County of Passaic, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Passaic are able to perform their duties fully and completely, without undue hardship and without danger to the community.

204.    The City of Paterson, in the County of Passaic, does require its Fire Fighters or Police Officers to be vaccinated for COVID-19 or to test weekly and wear a mask.  With accommodation, unvaccinated Fire Fighters or Police Officers in Passaic are able to perform their duties fully and completely, without undue hardship and without danger to the community.

205.    The Borough of Pompton Lakes, in the County of Passaic, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Pompton Lakes are able to perform their duties fully and completely, without undue hardship and without danger to the community.

206.    The Borough of Prospect Park, in the County of Passaic, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Prospect Park are able to perform their duties fully and completely, without undue hardship and without danger to the community.

207.    The Borough of Ringwood, in the County of Passaic, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Ringwood are able to perform their duties fully and completely, without undue hardship and without danger to the community wearing a mask while working.

208.    The Borough of Totowa, in the County of Passaic, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in North Totowa are able to perform their duties fully and completely, without undue hardship and without danger to the community.

209.    The Borough of Wanaque, in the County of Passaic, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Wanaque are

able to perform their duties fully and completely, without undue hardship and without danger to the community.

210.    The Township of Wayne, in the County of Passaic, does require its Fire Fighters or Police Officers and Police Officers to be vaccinated for COVID-19. Unvaccinated Fire Fighters or Police Officers in Wayne are able to perform their duties fully and completely, without undue hardship and without danger to the community.

211.    The Township of West Milford, in the County of Passaic, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in West Milford are able to perform their duties fully and completely, without undue hardship and without danger to the community.

212.    The Borough of Woodland Park, in the County of Passaic, does not require its Fire Fighters or Police Officers to be vaccinated. Unvaccinated Fire Fighters or Police Officers in Woodland Park are able to perform their duties fully and completely, without undue hardship and without danger to the community.

## <u>COUNT I:</u>

## <u>VIOLATION OF LAD: RELIGIOUS DISCRIMINATION</u>

213.    Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein.

214.    The LAD prescribed requirements that Defendants was required to follow upon receipt of a request for religious exemption from the COVID-19 vaccination policy.

215.    The LAD prohibits an employer, such as Defendants, from retaliating against an employee who asserts their protected rights under the LAD.

216.    The LAD protects the rights of persons with sincerely held religious beliefs.

217.    The LAD prohibits Defendants from retaliating against an employee who seeks a religious exemption from the COVID-19 vaccination policy.

218.    Upon receipt of the requests for religious exemption from Plaintiffs, Defendants placed them on unpaid leave of absence, and then terminated them.

219.    By placing Plaintiffs on unpaid leave of absence, Defendants retaliated against them in violation of the LAD.

220.    As a result, Plaintiffs were damaged.

**WHEREFORE**: Plaintiffs demand entry of a judgment awarding:

      a.        Compensatory damages;

      b.        Punitive damages;

      c.        Attorneys' fees and costs of suit; and

      d.        Such other relief as the Court may deem proper and just.

## COUNT II:

## VIOLATION OF NJLAD: FAILURE TO ACCOMMODATE

221.    Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein.

222.    The LAD provides that Defendants must provide an employee with a reasonable accommodation from their mandatory vaccine policy that would enable them to do their job, unless doing so would impose an undue burden on their operations.

223.    The LAD requires Defendants to make a bona fide effort to reach an accommodation for employees who seek exemption.

224.    Defendants did not make a bona fide effort to reach an accommodation for Plaintiffs.

225.    The LAD provides that an accommodation will be considered to constitute an undue hardship if it would result in the inability of an employee to perform the essential functions of their position.

226.    The LAD provides that reasonable accommodations for exemptions from the COVID-19 vaccine could include requiring the employee to undergo regular testing for COVID-19, or otherwise allowing you to work in a manner that would reduce or eliminate the risk of harm to other employees or to the public. A reasonable accommodation may also include providing you with personal protective equipment that sufficiently mitigates your risk of COVID-19 transmission and exposure.

227.    Plaintiffs are able to perform the essential functions of their job without an undue hardship to Maplewood.

228.    Plaintiffs are able to perform the essential functions of their job without placing the public in the threat of harm.

229.    The essential functions of a Fire Fighter or Police Officer in Maplewood are substantially similar to those of a Fire Fighter or Police Officer in the municipalities set forth above in paragraphs 98-212.

230.    Unvaccinated Fire Fighters or Police Officers can perform the essential functions of their job duties with reasonable accommodations in the municipalities set forth above in paragraphs 98-212.

231.    By refusing to provide accommodations, Defendants violated the LAD.

232.    As a result, Plaintiffs were damaged.

**WHEREFORE**: Plaintiffs demand entry of a judgment awarding:

       a.      Compensatory damages;

b.      Punitive damages;

c.      Attorneys' fees and costs of suit; and

d.      Such other relief as the Court may deem proper and just.

## **COUNT III:**

## **VIOLATION OF TITLE VII: RELIGIOUS DISCRIMINATION**

233.    Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein.

234.    Title VII prescribed requirements that Defendants were required to follow upon receipt of a request for religious exemption from the COVID-19 vaccination policy.

235.    Title VII prohibits an employer, such as Defendants, from retaliating against an employee who asserts their protected rights under the LAD.

236.    Title VII protects the rights of persons with sincerely held religious beliefs.

237.    Title VII prohibits Defendants from retaliating against an employee who seeks a religious exemption from the COVID-19 vaccination policy.

238.    Upon receipt of the requests for religious exemption from Plaintiffs, Defendants placed them on unpaid leave of absence.

239.    By placing Plaintiffs on unpaid leave of absence, Defendants retaliated against them in violation of Title VII.

240.    By Placing Plaintiff Weekes-Rivera on unpaid leave even after she was vaccinated, with the *per se* discriminatory statement that she could return to work once she released and waived her right to sue.

241.    As a result, Plaintiffs were damaged.

**WHEREFORE**: Plaintiffs demand entry of a judgment awarding:

a.      Compensatory damages;

b.      Punitive damages;

c.      Attorneys' fees and costs of suit; and

d.      Such other relief as the Court may deem proper and just.

## COUNT IV:

### VIOLATION OF TITLE VII: FAILURE TO ACCOMMODATE

242.    Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein.

243.    Title VII provides that Defendants must provide an employee with a reasonable accommodation from their mandatory vaccine policy that would enable them to do their job, unless doing so would impose an undue burden on their operations.

244.    Title VII requires Defendants to make a bona fide effort to reach an accommodation for employees who seek exemption.

245.    Defendants did not make a bona fide effort to reach an accommodation for Plaintiffs.

246.    Title VII provides that an accommodation will be considered to constitute an undue hardship if it would result in the inability of an employee to perform the essential functions of their position.

247.    Title VII provides that reasonable accommodations for exemptions from the COVID-19 vaccine could include requiring the employee to undergo regular testing for COVID-19, or otherwise allowing you to work in a manner that would reduce or eliminate the risk of harm to other employees or to the public. A reasonable accommodation may also include providing you with personal protective equipment that sufficiently mitigates your risk of COVID-19 transmission and exposure.

248.    Plaintiffs are able to perform the essential functions of their job without an undue hardship to Defendants.

249.    Plaintiffs are able to perform the essential functions of their job without placing the public in the threat of harm.

250.    The essential functions of a Fire Fighter in Maplewood are substantially similar to those of a Fire Fighter in the municipalities set forth above in paragraphs 98-212.

251.    Unvaccinated Fire Fighters or Police Officers can perform the essential functions of their job duties with reasonable accommodations in the municipalities set forth above in paragraphs 82-196.

252.    By refusing to provide accommodations, Defendants violated Title VII.

253.    As a result, Plaintiffs were damaged.

**WHEREFORE**: Plaintiffs demand entry of a judgment awarding:

a.      Compensatory damages;

b.      Punitive damages;

c.      Attorneys' fees and costs of suit; and

d.      Such other relief as the Court may deem proper and just.


## COUNT V

## RETALIATION IN VIOLATION OF LAD AND TITLE VII

254.    Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein

255.    LAD and Title VII prohibit Defendants from retaliating against them for their assertion of a religious exemption from the COVID-19 vaccination policy.

256.   As set forth above, Defendants illegally retaliated against Plaintiffs.

257.   As a result, Plaintiffs were damaged.

**WHEREFORE:** Plaintiffs demand entry of a judgment awarding:

     a.       Compensatory damages;

     b.       Punitive damages;

     c.       Attorneys' fees and costs of suit; and

     d.       Such other relief as the Court may deem proper and just.

## COUNT VI:

## DECLARATORY JUDGMENT

258.   Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein.

259.   LAD and Title VII provided for injunctive relief to prevent future violations.

260.   Plaintiffs are legally entitled to a declaratory judgment that Defendants violated the LAD and Title VII and that an injunction should be issued requiring Defendants to comply with the LAD and Title VII regarding religious exemptions and accommodations to prevent further harm.

**WHEREFORE:** Plaintiffs demand entry of a judgment awarding:

     a.       Injunctive relief as set forth herein;

     b.       Attorneys' fees and costs of suit; and

     c.       Such other relief as the Court may deem proper and just.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury of all issues so triable.


Dated: September 16, 2022                    Attorneys for Plaintiffs

                                             By: _s/ John D. Coyle_
                                             COYLE LAW GROUP LLP
                                             John D. Coyle, Esq. (0296362001)
                                             55 Madison Avenue, Suite 400
                                             Morristown, NJ 07960
                                             Tel. (973) 370-0592
                                             jcoyle@coylelawgroup.com

# Exhibit A

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

June 22, 2022

Mr. Salvatore Aliano
c/o John D. Coyle, Esquire
Coyle Law Group
55 Madison Ave.
Suite 400
Morristown, NJ  07960

Re:  EEOC Charge Against Township of Maplewood
    No. 17E202200107

Dear Mr. Aliano:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

    The investigative file pertaining to your case is located in the EEOC Philadelphia District Office, Philadelphia, PA.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                        Sincerely,

                                        Kristen Clarke
                                    Assistant Attorney General
                                        Civil Rights Division

                            by       /s/ Karen L. Ferguson
                                    Karen L. Ferguson
                                Supervisory Civil Rights Analyst
                                Employment Litigation Section

cc: Philadelphia District Office, EEOC
   Township of Maplewood

# Exhibit B

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

June 22, 2022

Mr. Christopher Beischer, III
c/o John D. Coyle, Esquire
Coyle Law Group
55 Madison Ave.
Suite 400
Morristown, NJ  07960

Re:  EEOC Charge Against Township of Maplewood
     No. 17E202200116

Dear Mr. Beischer, III:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC Philadelphia District Office, Philadelphia, PA.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                              Sincerely,


                              Kristen Clarke
                              Assistant Attorney General
                              Civil Rights Division

                         by       /s/ Karen L. Ferguson
                              Karen L. Ferguson
                              Supervisory Civil Rights Analyst
                              Employment Litigation Section


cc: Philadelphia District Office, EEOC
   Township of Maplewood

Exhibit C

U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

June 22, 2022

Ms. Diana Gil
c/o John D. Coyle, Esquire
Coyle Law Group
55 Madison Ave.
Suite 400
Morristown, NJ  07960

Re:  EEOC Charge Against Township of Maplewood
      No. 17E202200109

Dear Ms. Gil:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and
more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge,
and no suit based thereon has been filed by this Department, and because you through your attorney
have specifically requested this Notice, you are hereby notified that you have the right to institute a
civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.,
against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within
90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC Philadelphia District Office,
Philadelphia, PA.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to
whether or not your case is meritorious.

                              Sincerely,


                              Kristen Clarke
                          Assistant Attorney General
                             Civil Rights Division


                      by        /s/ Karen L. Ferguson
                             Karen L. Ferguson
                          Supervisory Civil Rights Analyst
                          Employment Litigation Section


cc: Philadelphia District Office, EEOC
   Township of Maplewood

# Exhibit D

U.S. Department of Justice
Civil Rights Division
NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

June 22, 2022

Mr. Joseph Giorgio
c/o John D. Coyle, Esquire
Coyle Law Group
55 Madison Ave.
Suite 400
Morristown, NJ  07960

Re:  EEOC Charge Against Township of Maplewood
       No. 17E202200104

Dear Mr. Giorgio:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC Philadelphia District Office, Philadelphia, PA.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                        Sincerely,


                                        Kristen Clarke
                                        Assistant Attorney General
                                        Civil Rights Division

                                   by        /s/ Karen L. Ferguson
                                        Karen L. Ferguson
                                        Supervisory Civil Rights Analyst
                                        Employment Litigation Section


cc: Philadelphia District Office, EEOC
    Township of Maplewood

# Exhibit E

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

June 22, 2022

Mr. William Isetts, IV
c/o John D. Coyle, Esquire
Coyle Law Group
55 Madison Ave.
Suite 400
Morristown, NJ  07960

Re:  EEOC Charge Against Township of Maplewood
      No. 17E202200114

Dear Mr. Isetts, IV:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

    The investigative file pertaining to your case is located in the EEOC Philadelphia District Office, Philadelphia, PA.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                              Sincerely,

                              Kristen Clarke
                              Assistant Attorney General
                              Civil Rights Division

                          by        /s/ Karen L. Ferguson
                              Karen L. Ferguson
                              Supervisory Civil Rights Analyst
                              Employment Litigation Section

cc: Philadelphia District Office, EEOC
    Township of Maplewood

Exhibit F

U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

June 22, 2022

Mr. Bruno Marto
c/o John D. Coyle, Esquire
Coyle Law Group
55 Madison Ave.
Suite 400
Morristown, NJ  07960

Re:  EEOC Charge Against Township of Maplewood
     No. 17E202200110

Dear Mr. Marto:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC Philadelphia District Office, Philadelphia, PA.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                              Sincerely,


                              Kristen Clarke
                              Assistant Attorney General
                              Civil Rights Division


                        by       /s/ Karen L. Ferguson
                              Karen L. Ferguson
                              Supervisory Civil Rights Analyst
                              Employment Litigation Section


cc: Philadelphia District Office, EEOC
   Township of Maplewood

# Exhibit G

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

June 22, 2022

Ms. Chian Weekes-Rivera
c/o John D. Coyle, Esquire
Coyle Law Group
55 Madison Ave.
Suite 400
Morristown, NJ  07960

Re:  EEOC Charge Against Township of Maplewood
     No. 17E202200115

Dear Ms. Weekes-Rivera:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Philadelphia District Office, Philadelphia, PA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by        /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Philadelphia District Office, EEOC
   Township of Maplewood